## THE TRUST COMPANY OF NEW JERSEY, PLAINTIFF, v. FRIEDA SCHYLOSKY, DEFENDANT.

Submitted October 16, 1926—Decided February 8, 1927.

**Negotiable Instruments—Attachment—Defendant Having Endorsed For Her Sons, Pleads That She was a Married Woman —Evidence Tended to Show That She was in Business With Her Sons and Profited by the Loan—Verdict Against Her Not Interfered With.**

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Gross & Gross* (*Benjamin Gross* and *Leo Blumberg,* of counsel).

For the respondent, *Benjamin E. Gordon.*

PER CURIAM.

Plaintiff sued out a writ of attachment in the Hudson County Circuit Court against defendant, who is a non-resident, to recover $1,361.45, together with interest, &c. Defendant thereupon entered her appearance and contested the action. The trial resulted in the jury's finding a verdict in favor of the plaintiff in the sum of $1,384.68.

The suit was based upon a promissory note for $1,290 which was given in renewal of a note originally for $2,000. The note was made by Jack Schloss to the order of himself and was endorsed by Jack Schloss, his brother, George Schloss, and defendant, Frieda Schylosky, their mother.

The defense was that defendant was a married woman. At the trial the plaintiff bank official who made this loan testified, in effect, that the defendant came to the bank with her son and stated to that officer, in effect, that she and her sons were operating a bakery; that they needed the money represented by the note very badly to use in the business; that she was financially interested in the business in which they all had an equal interest, and that she would obtain the use of the loan.

The defendant denied being at the bank at all, denied the making of the statement to the bank official, and, indeed, denied the truth of every matter of fact contained in such statement. But, in our judgment, her own testimony, as well as that of her son, tended in many essential particulars to support the plaintiff's case.

In this posture of the evidence the defendant's counsel moved for a direction of a verdict in her favor on the ground that there was no evidence that defendant's separate estate was benefited by the loan as required by section 5 of the Married Woman's act (*Comp. Stat., p.* 3226) in order to render a married woman liable.

To this we think it a sufficient answer to say that, under all the evidence, a direction of a verdict was properly denied.

That being the only ground of appeal, the judgment is affirmed, with costs.